# EXHIBIT A-1

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANDPIPER CONDOMINIUM COUNCIL OF CO-OWNERS, INC., Plaintiff<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, Defendant. | Hon. Nelva Gonzales Ramos<br>Civil Action No.: 2:18-cv-00414 |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, that pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 45, Defendant Lexington Insurance Company, by its attorneys, Mound Cotton Wollan & Greengrass, LLP, will serve the attached subpoena upon Michael Mansueto, to produce the documents described therein.

Dated: May 28, 2019

By: /s/ Diana E. McMonagle
Wayne R. Glaubinger
James M. Dennis
Diana E. McMonagle
Samuel B. Weiss

Mound Cotton Wollan & Greengrass LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066

Counsel for Defendant
Lexington Insurance Company

826112.1

## CERTIFICATE OF SERVICE

I, SAMUEL B. WEISS, hereby certify that the foregoing NOTICE OF SUBPOENA was served on May 28, 2019 on the following parties by sending same via electronic mail to:

**William John Chriss**
The Snapka Law Firm
606 N Carancahua St, Ste 1511
Corpus Christi, TX 78401
(361) 888-7676
Fax: (361) 884-8545
wjchrisspc@gmail.com

_____
SAMUEL B. WEISS

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Sandpiper Condominium Council of Co-owners, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-cv-00414 |
| Lexington Insurance Company ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michael Mansueto
40 Villa Verde, San Antonio TX 78230

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: LSA<br>11844 Bandera Rd., #436<br>Helotes, Texas 78023 | Date and Time:<br><br>06/28/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/28/2019

*CLERK OF COURT*       OR       *[signature]*

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Lexington Insurance Company__, who issues or requests this subpoena, are:

Diana E. McMonagle, Mound Cotton et al LLP, 1 NY Plz, NY, NY 10004, dmcmonagle@moundcotton.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-00414

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

As used herein, the following terms shall have the meanings specified below:

1. This subpoena is directed to Michael Mansueto. Where used herein, the terms "you," "your," and "yours," shall mean the party to whom this subpoena is directed.

2. The term "All Secure" shall refer to All Secure Alarm Systems, LLC, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf, including but not limited to, John Moreno.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; and "any" as used herein means "each and every" as well as "anyone." The use of the words "include(s)" and "including" shall be construed to mean "including, but not limited to." The term "all" shall be construed as "all and such." Use of the singular form of any word includes the plural and vice versa.

4. The term "Architectural Division 8" shall refer to Architectural Division 8, Inc., and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

5. The term "Board Member" shall refer to any and all members of the Board of Trustees or Board of Directors of the Sandpiper.

6. The term "Borden" shall refer to Borden Insurance and any employees, agents, principals, successors, predecessors, or other representative or person acting on their behalf.

7. The term "Coastal Bend" shall refer to Coastal Bend Siding & Windows, LLC, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

826110.1

8. The term "communication" means any transmission of any sort whatsoever, by one or more persons to one or more persons and/or between two or more persons, by any means whatsoever, whether oral, written, or in any other form, including but not limited to: letters, telegrams, teletypes, faxes or telecopies, e-mails, written memoranda and face-to-face conversations, telephone conversations, or any other document concerning or relating to the transmission or communication.

9. The term "concerning" means, in whole or in part, directly or indirectly referring to, regarding, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

10. The term "Corpus Christi" shall refer to the City of Corpus Christi and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

11. The term "CPS" shall refer to CPS Insurance Group, and its subsidiaries and affiliates, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

12. The term "document(s)" means all written, typed, or printed matter and all electronic, magnetic or other records or documentation of any kind or description (including, without limitation, letters, applications, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, statements, ledgers, tape recordings, computer print-outs and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which

information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. The term "document(s)" in these requests includes electronically-stored information ("ESI") and/or magnetic data. The term "document(s)" includes, but is not limited to, e-mails from the following e-mail address: mansueto@uthscsa.edu.

13. The term "Hanson" shall refer to Hanson-inc and/or Hanson Professional Services Inc., and its subsidiaries and affiliates, including but not limited to Naismith Engineering, Inc., and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf, including but not limited to, Mitch Sanchez and Lewis B. Shrier.

14. The term "Harvest Interiors" shall refer to Harvest Interiors & Flooring, and its subsidiaries and affiliates, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf, including but not limited to, Scott Green.

15. The term the "Harvey-related damage" shall refer to the damage allegedly sustained by Sandpiper at the Property on or about August 25, 2017.

16. The term "Lee Little" shall refer to Lee Little's Remodeling & Windstorm Protection, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

17. The term "Lexington" shall refer to the defendant, Lexington Insurance Company, and any employees, agents, principals, or other representative or person acting on its

3

behalf.

18. The term "MKA" shall refer to Madsen, Kneppers & Associates, Inc., and any employees, agents, principals, or other representative or person acting on its behalf.

19. The term "NSM" shall refer to NSM Insurance Group and its subsidiaries and affiliates, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

20. The term "person" means any person, whether natural or legal.

21. The term "Plaintiff's Counsel" shall refer any attorney or their employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf, including but not limited to, The Snapka Law Firm, William "Bill" Chriss, Kathryn Snapka, and Ken Fields.

22. The term "the Property" shall refer to the property located at 6745 Seacomber Drive, Corpus Christi, Texas, 78418.

23. The term "relating to" means, without limitation, embodying, mentioning, regarding or concerning, directly or indirectly, the subject matter identified in the request.

24. The term "Sandpiper" shall refer to the plaintiff, Sandpiper Condominium Council of Co-owners, Inc., and any employees, agents, or other representative or person acting on its behalf or under its direction or control.

25. The term "SimplexGrinnell" shall refer to Johnson Controls Fire Protection LP, formerly known as SimplexGrinnell LP, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

26. The term "TMC" shall refer to Taylor Mades Construction, LLC, and any employees, agents, principals, or other representative or person acting on its behalf.

27. The term "TWIA" shall refer to the Texas Windstorm Insurance Association, and its subsidiaries and affiliates, and any employees, agents, principals, parents, successors, predecessors, and assigns, or other representative or person acting on their behalf.

28. The term "Unit" or "Units" shall refer to any part of the Property designed and intended for independent ownership and use as a residential dwelling regardless of type.

29. The term "Unit Owner" or "Unit Owners" shall refer to the record owner or co-owners, whether one or more persons, firms, associations, corporations or other legal entities, of the fee simple title to a Unit.

30. The term "York" shall refer to York Risk Services Group, Inc., and any employees, agents, principals, or other representative or person acting on its behalf.

## Instructions

A. With respect to each document to be produced, produce all Documents falling within the scope of the subpoena that are in your possession, custody or control.

B. These demands are continuing in nature so as to require you to file supplemental answers if you obtain further or different information in the future.

C. All ESI or magnetic data should be produced in its native format. Native means the original form in which a document or file is created by a software application. This includes all embedded files and metadata of electronic data stored in any medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs.

D. To the extent that you assert a claim of privilege in responding or objecting to any discovery requested in these requests and withhold information on the basis of such assertion, you shall produce privilege logs as follows:

1. Privilege logs will be provided in Excel spreadsheet format containing sufficient information to identify the document including but not limited to the following fields (columns): date; from, to, cc/bcc, document type, description and basis for withholding/redacting.

2. Privilege logs will be served no later than thirty (30) days after the production of documents to which the log relates.

## Schedule of Documents to be Produced

1. All documents concerning the Policy.

2. All documents concerning Lexington's investigation and adjustment of the Claim and or Harvey-Related Damage, including but not limited to the work performed by York and MKA.

3. All documents concerning the Claim.

4. All documents concerning on what date the Claim was made.

5. All photographs of Harvey-related damage.

6. All documents concerning Harvey-related damage.

7. All documents concerning the investigation and/or repair of Harvey-related damage.

8. All documents concerning any estimate of the cost to repair the Harvey-related damage.

9. All documents concerning the incurred cost to repair Harvey-related damage.

10. All documents concerning the repair of Harvey-related damage.

11. All documents related to the basis on which contractors and subcontractors were selected to repair Harvey-related damage.

12. All documents related to Hanson's work on the Property, including, but not limited to, on what basis Hanson was selected.

13. All documents related to estimates and/or work by the following entities at the Sandpiper Property:

   a. Hanson;

   b. Lee Little;

c. Harvest; and

d. TMC.

14. All documents relating to the decision by Sandpiper to use TMC to perform repair of Harvey-Related Damage.

15. All documents concerning all communications between Sandpiper and each of the following entities concerning: (i) the Policy; (ii) insurance coverage and/or the absence of insurance coverage for Harvey-related Damage; (iii) the Property; (iv) the Harvey-related damage; (v) the Claim; (vi) insurance coverage or the absence of insurance coverage for the Claim and/or (vii) building code requirements relating to repair of Harvey-related damage:

a. All Secure;

b. any Board Member;

c. any Unit Owner;

d. Architectural Division 8;

e. Borden;

f. CCMS;

g. Coastal Bend;

h. Corpus Christi;

i. CPS;

j. Hanson;

k. Harvest Interiors;

l. Jaco;

m. Lee Little;

n. Lexington;

o. MKA;

p. NSM;

q. Plaintiff's Counsel;

r. SimplexGrinnell;

s. TMC;

t. TWIA; and

u. York

16. All documents concerning all communications with any person other than those listed in Document Request 15 concerning: (i) the Policy; (ii) insurance coverage and/or the absence of insurance coverage for Harvey-related Damage; (iii) the Property; and/or (iv) the Harvey-related damage; and/or (v) the Claim; (vii) insurance coverage or the absence of insurance coverage for the Claim and/or (viii) building code requirements relating to repair of Harvey-related damage.

17. All documents concerning the: (i) ownership of; (ii) responsibility to repair and/or replace; and/or (iii) right to modify any:

a. Unit Entry Door;

b. Terrace window; and

c. Sliding glass door

18. All contracts, letters of engagements, bids, and any other document concerning Sandpiper's engagement of, hiring, or otherwise using the services of the following entities relating to the investigation and/or repair of Harvey-related damage:

a. All Secure;

b. any Board Member;

9

826110.1

c. any Unit Owner;

d. Architectural Division 8;

e. Borden;

f. CCMS;

g. Coastal Bend;

h. Corpus Christi;

i. CPS;

j. Hanson;

k. Harvest Interiors;

l. Jaco;

m. Lee Little;

n. Lexington;

o. MKA;

p. NSM;

q. Plaintiff's Counsel;

r. SimplexGrinnell;

s. TMC;

t. TWIA; and

u. York

19. All contracts, letters of engagements, bids, and any other document concerning Sandpiper's engagement of, hiring, or otherwise using the services of any person other than those identified in Document request No. 18 relating to the investigation and/or repair of Harvey-related damage.

10

826110.1

20. All documents concerning any replacement or repair to any terrace window and/or sliding glass door of the Property undertaken from January 1, 2005 to date.

21. All documents concerning any replacement or repair to any sliding glass door, terrace window curb, or sills, undertaken from January 1, 2005 to date.

22. All photographs, videos or other depictions or graphic representations concerning any repairs completed or attempted to the unit entry doors, terrace windows, sliding glass doors, and/or sliding glass door and terrace window curbs or sills, at any time after completion of construction of the Property.

23. All documents concerning any replacement or repair to any entry doors to units of the Property undertaken from January 1, 2005 to date.

24. All documents containing notes or minutes from any meeting of Sandpiper's Board of Directors and Board of Trustees between January 1, 2005 and October 10, 2018.

25. All documents between you and:

   a. any Board Member; and

   b. any Unit Owner